UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 09-2533 (PJS/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| $53,020.00 in U.S. Currency, | |
| Defendant, | |
| and | |
| Terrance Darnell Brown, | |
| Claimant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on the United States' Motion for Default Judgment as to Latasha Turner and All Unknown Persons and Motion for Partial Summary Judgment (Doc. No. 27). The Honorable Patrick J. Schiltz, United States District Judge, referred the motion to this Court in an order of reference dated February 18, 2011 (Doc. No. 32) for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that the motion for default judgment be granted and the motion for partial summary judgment be denied.

I. Background

The United States commenced this forfeiture *in rem* action on September 17, 2009, seeking the forfeiture of $53,020.00 in currency for violations of 21 U.S.C. § 881(a)(6). The currency was seized from a bedroom shared by claimant Terrance Darnell Brown and Latasha Turner, during the execution of a search warrant on March 12, 2009. Officers also recovered 1.6

grams of crack cocaine. Brown was subsequently convicted of fifth degree possession of a controlled substance and is currently incarcerated in the Hennepin County workhouse.

The United States has complied with the notice requirements for a forfeiture *in rem*. On October 6, 2009, it served notice of this action on Brown and Turner via certified mail, return receipt requested. On January 23, 2010, the United States posted a notice of forfeiture on an official government internet site, www.forfeiture.gov, for at least thirty consecutive days.

Brown timely filed a verified claim for the full amount of the seized currency and an answer to the complaint through his attorney at the time, Leon Trawick. Brown is now proceeding pro se. No other person or entity filed a verified statement of interest in the money, and the time for doing so has expired.

During Brown's deposition on January 28, 2011, he claimed that the money belonged to him and Turner in equal shares, but he provided very limited information about his income. He has not received a W-2 form in ten years and has not filed a tax return since 1994. Although he claimed he earned money from various odd jobs, he could not document any source of income except rental income from a property he had purchased in December 2008. Brown produced rent receipts in the amount of $6000.00 for the time period of December 1, 2008 through March 12, 2009. The United States also deposed Turner on January 28, 2011. Turner acknowledged receiving the notice from the United States and signing the certified mail receipt. She testified that she has given Brown at least $62,300.00 over the last seven years, but had no documentation of those transactions.

Contemporaneous with the filing of its motion for default judgment, the United States requested an entry of default from the Clerk's Office against Turner and all unknown persons having an interest in the Defendant currency. The Clerk's entry of default was entered on

February 24, 2011. No person or entity responded to the present motion, although Brown participated in the hearing by telephone.

## II. Motion for Default Judgment Against Turner and All Unknown Persons and Entities

A person claiming an interest in property subject to civil forfeiture must file a timely verified statement of claim and an answer. 18 U.S.C. § 983(a)(4)(A), (B); Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") Rule G(5)(a), (b). Failure to do so warrants an entry of default judgment. *See United States v. $186,907.00*, Civ. No. 07-3229 (DSD/SRN), 2008 WL 2331610, at *4 (D. Minn. June 3, 2008).

Here, the United States served notice of this action on Turner via certified mail, and Turner conceded she received the notice. The United States also posted the notice of forfeiture for at least thirty consecutive days on an official government internet site. Other than Brown, no other person or entity filed a verified claim or answer claiming an interest in the property. The Clerk of Court has entered a default against Turner and all unknown persons and entities, and this Court now recommends that default judgment against Turner and all unknown persons and entities be entered.

## III. Motion for Partial Summary Judgment Against Brown

Supplemental Rule G(8)(c)(i)(B) permits the United States to move to strike a claim for lack of standing through a motion for summary judgment. The United States argues that partial summary judgment against Brown is appropriate because he lacks Article III standing to assert a claim against all but $6000.00 of the Defendant currency.

"In a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy." *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003). To establish Article III

standing, "a claimant need not prove the underlying merits of the claim. The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property." *United States v. 7725 Unity Ave. N.*, 294 F.3d 954, 957 (8th Cir. 2002) (citation omitted). "Ownership interest can be shown by actual possession, control, title, and financial stake." *Id.* at 956.

The United States has conflated Article III standing with the merits of Brown's claim. By arguing that Brown has Article III standing as to only $6000.00, the United States is essentially asserting that Brown has only "partial standing." But there is no such concept. A claimant has Article III standing as long as he can "show a sufficient ownership interest in the property to create a case or controversy capable of federal judicial resolution." *7725 Unity Ave. N.*, 294 F.3d at 957. Based on the facts before the Court, Brown has asserted such an interest. The currency was found in his bedroom, he has testified that approximately half of the money belongs to him, and he has documentation of $6000.00 in rental income. This is sufficient to show a colorable interest in the property to create a case or controversy capable of resolution in this Court. *See United States v. $148,840.00*, 521 F.3d 1268, 1277 (10th Cir. 2008) (finding Article III standing where claimant testified the money was his and he exercised dominion and control over the money at the time it was seized). The Court concludes that Brown has Article III standing in this case.

The amount of Brown's ownership interest is a separate question pertaining to the merits of his claim. The United States' motion for partial summary judgment, however, was limited to the issue of Article III standing. To advance to the merits would not be fair to Brown, who is proceeding pro se. In addition, the record contains inconsistent evidence as to the amount of Brown's claim. He has documentation of $6000.00 in rental income, but he also testified that

half the Defendant currency was his. In either event, the United States' motion for partial summary judgment against Brown should be denied.

## IV.   Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the United States' Motion for Default Judgment as to Latasha Turner and All Unknown Persons and Motion for Partial Summary Judgment (Doc. No. 27) be **GRANTED** as to an entry of default judgment against Latasha Turner and All Unknown Persons and **DENIED** as to partial summary judgment.

Dated: April 13, 2011

   s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 28, 2011**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.  The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.