UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                       Case No. 09-CV-2533 (PJS/JJG)

Plaintiff,

v.                                                              ORDER

$53,020.00 in U.S. CURRENCY,

Defendant.

James S. Alexander, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Latasha Turner, pro se.

This matter is before the Court on the objections of the government and of claimant

Latasha Turner to the April 13, 2011 Report and Recommendation ("R&R") of United States

Magistrate Judge Jeanne J. Graham.  Judge Graham recommends granting the government's

motion for default judgment as to Turner and all unknown persons and denying the

government's motion for partial summary judgment as to claimant Terrance Brown.  The Court

has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on

that review, the Court overrules Turner's objection and sustains the government's objection in

part.

In this *in rem* proceeding, the government seeks the forfeiture of $53,020 that was seized

from Brown and Turner's home during the execution of a search warrant on March 12, 2009.

The government filed this action on September 17, 2009 and, on October 6, 2009, served

separate notices of the action on both Turner and Brown via certified mail.  *See* Weston Decl. ¶ 3

& Ex. I [Docket No. 30].  Pursuant to Rule G(4)(b)(ii) of the Supplemental Rules for Admiralty

or Maritime Claims and Asset Forfeiture Actions, the notices stated that a verified claim had to

be filed within 35 days of October 6, 2009 and an answer had to be filed within 20 days after the filing of a verified claim.  Weston Decl. Ex. I.  Brown timely filed a verified claim [Docket No. 4] and an answer [Docket No. 5], but Turner did not file anything.

Turner objects to the recommendation that a default judgment be entered against her, contending that she did not understand that she had to file a claim on her own behalf and that she thought it was sufficient to rely on Brown's claim.  But courts generally require strict adherence to the requirement that a claimant in an *in rem* forfeiture proceeding file a timely claim and answer.  *See United States v. 40 Acres of Real Property, More or Less*, 629 F. Supp. 2d 1264, 1273-74 (S.D. Ala. 2009); *United States v. All Assets Held at Bank Julius Baer & Co.*, 664 F. Supp. 2d 97, 101-02 (D.D.C. 2009).  Although courts sometimes excuse minor procedural failings, Turner's failure to file *any* claim on her own behalf cannot be described as minor and, in any event, she has identified nothing that would excuse her lapse in this case.  *See All Assets Held at Bank Julius Baer & Co.*, 664 F. Supp. 2d at 102 (noting that a court may consider, among other things, the claimant's good-faith attempts to comply with procedural requirements).

There is no dispute that Turner was properly given individual notice of this forfeiture proceeding and that the notice clearly informed her of the need to file a claim and an answer.  *See* Weston Decl. Ex. I.  Turner was deposed in January 2011[1] and was later served with the government's motion for default judgment against her, *see* Docket No. 31, as well as an order

---

[1]The deposition transcript bears the date January 28, 2010, Weston Decl. Ex. H, but based on the contents of the deposition (in which Turner was asked whether she had filed a tax return for 2010) and the government's assertion about the date of the deposition, Weston Decl. ¶ 16, this appears to be a mistake.

requiring any interested party to file and serve a response to the government's motion for default judgment on or before March 17, 2011, *see* Docket Nos. 34, 36.  Nevertheless, Turner did not respond to the government's motion or file anything in this litigation until she filed her current objection to Judge Graham's R&R.  By the time Turner filed her objection, the time for motion practice and discovery had already expired.  *See* Docket No. 26.  Given Turner's lack of diligence, the Court sees no reason to start this case over at this late date.  Turner's objection is overruled.

With respect to the government's objection:  The government moved for partial summary judgment against Brown, contending that Brown lacks standing to contest the forfeiture as to all but $6,000 of the defendant currency.  Judge Graham recommends denying the government's motion because Brown testified at his deposition that half of the $53,020 belongs to him.  *See* Brown Dep. 54, 68.  In its objections, the government renews its argument that Brown lacks standing as to all but $6,000 and makes a new argument: that, at a minimum, Brown lacks standing as to half of the $53,020 because the undisputed evidence demonstrates that at least half of the money does not belong to Brown.

The Court agrees with Judge Graham that, because Brown testified that half of the defendant currency is his, Brown has standing to seek more than $6,000.

> In a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy. This threshold burden is not rigorous: "To have standing, a claimant need not prove the underlying merits of the claim. The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property."

*United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003) (quoting

*United States v. 7725 Unity Ave. N.*, 294 F.3d 954, 957 (8th Cir. 2002)).  The government cites

evidence that casts doubt on the veracity of Brown's testimony, but that testimony is sufficient to

establish that Brown has a "colorable interest" in half of the defendant currency.

However, the Court agrees with the government that the record conclusively establishes

that Brown has no claim to the other half of the defendant currency.[2]  Brown testified that half of

the money belongs to Turner.  Brown Dep. 54, 68.  Brown (who did not respond to either the

government's motion or the government's objection) does not point to any evidence that he owns

more than half of the money.  In light of his own undisputed testimony, Brown cannot establish a

"colorable interest" as to half of the money.  The Court will therefore sustain the government's

objection as to $26,510, which is half of the defendant currency.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court

OVERRULES claimant Latasha Turner's objection [Docket No. 38] and SUSTAINS IN PART

the government's objection [Docket No. 39].  The Court ADOPTS IN PART the R&R [Docket

No. 37].  Accordingly, IT IS HEREBY ORDERED THAT:

---

[2]As noted, the government did not present this argument to Judge Graham.  In ruling on an objection to an R&R, the Court ordinarily does not consider arguments that were not presented to the magistrate judge.  In this case, however, the government's argument concerns Brown's Article III standing.  The Court has an independent obligation to assure itself that it has jurisdiction — and the Court does not have jurisdiction unless Brown has Article III standing — and thus the Court must address the government's new argument.

1.  Plaintiff's motion for default judgment against Latasha Turner and all unknown

    persons and motion for partial summary judgment against Terrance Brown

    [Docket No. 27] is GRANTED IN PART.

2.  With respect to Latasha Turner and all unknown persons, plaintiff's motion is

    GRANTED.

3.  With respect to Terrance Brown's claim, plaintiff's motion is GRANTED IN

    PART and Brown's claim is STRICKEN as to $26,510 of the defendant currency.

Dated: May 27, 2011                           s/Patrick J. Schiltz_____
                                              Patrick J. Schiltz
                                              United States District Judge